**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X   **Case No.**
CASSANDRE CADET,

                                    Plaintiff,                            **COMPLAINT**

                    - against -

                                                                          **PLAINTIFF DEMANDS**
MACY'S, INC.,                                                             **A TRIAL BY JURY**

                                    Defendant.
-----------------------------------------------------------------------X

CASSANDRE CADET ("Plaintiff or "Cassandre"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against MACY'S INC. ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      Plaintiff complains pursuant to **Section 1981 of the Civil Rights Act of 1866**, 42 U.S.C. § 1981 ("Section 1981"), the **New York State Human Rights Law**, NYS Executive Law § 296, *et seq*. ("NYSHRL"), and the **New York City Human Rights Law**, NYC Administrative Code 8-107, *et seq.* ("NYCHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated and retaliated against** on the basis of her race and national origin.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 1981.

3.      This Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

4.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

5.    At all relevant times herein, Plaintiff Cassandre Cadet was and is a resident of the State of New York.  Cassandre is a Black female of Haitian national origin.

6.    As such, Plaintiff is a "person" and an "employee" entitled to protection by the relevant statutes referenced herein.

7.    At all relevant times herein, Defendant Macy's, Inc. is and was a foreign business corporation organized under the laws of the State of Delaware which conducts substantial business in the State of New York and has a principal executive office located at 151 West 34th Street, New York, New York 10001.

8.    At all relevant times herein, Plaintiff was an employee of Defendant.

9.    Defendant employs in excess of fifteen (15) employees and is each therefore an employer covered by the statutes referenced herein.

## MATERIAL FACTS

10.    On or about October 1, 2019, the Defendant hired Cassandre as a sales associate for its location on West 34th Street in New York, New York.

11.    As a sales associate, Cassandre was responsible for promoting and selling Givenchi-branded beauty products.

12.    At all relevant times herein, Cassandre earned $20.33 per hour as a sales associate for the Defendant.

13.    Throughout Cassandre's employment with the Defendant, her performance met or exceeded the Defendant's expectations.

14.    On or about January 22, 2021, Cassandre was discussing a potential sale with her

prospective customer when a manager for Defendant named "Aswaldo" interfered.

15.    Aswaldo was at all relevant times a Hispanic male.

16.    Aswaldo possessed authority at all relevant times herein to hire, fire and manage employees

for Defendant.

17.    Aswaldo routinely discriminated against Black and Haitian employees of Defendant.

18.    Specifically, on or about January 22, 2021, Aswaldo usurped Cassandre's opportunity to

speak with a prospective customer and interrupted Cassandre's discussion regarding a

prospective sale.

19.    In that conversation, Aswaldo turned toward Cassandre – while in the prospective

customer's presence – stating, "[s]he don't know any better.  She's Haitian."

20.    In making this offensive and discriminatory statement to Cassandre while in front of the

prospective customer, Aswaldo was overtly suggesting that Cassandre could not perform

her job duties because of her national origin.

21.    As such, Aswaldo's offensive statement constituted discrimination against Cassandre on

the basis of her national origin.

22.    Thereafter, Aswaldo continued his campaign of discrimination against Cassandre.

23.    In particular, on or about January 27, 2021, Aswaldo threatened a colleague of Cassandre's

named "Jamie".

24.    Specifically, Aswaldo, while Cassandre was present, threatened he was planning to "hang

[Jamie] from a tree and beat her".

25.    Jamie – at all relevant times herein – was a Black female.

26.    Then, in or around January 2021, Aswaldo directly threatened Cassandre.

27.    Aswaldo threatened Cassandre in the same manner he threatened Jamie.

28.    Specifically, on or about in or around January 2021, Aswaldo threatened to "hang

Cassandre from a tree and beat her".

29.   Cassandre directly complained to Aswaldo – a manager for Defendant – about his discriminatory conduct.

30.   Upon information and belief, Aswaldo admitted to another employee that his discriminatory conduct was unlawful and that he was joking when he made the discriminatory comment towards Cassandre.

31.   Nonetheless, Aswaldo's discriminatory conduct against black and Haitian female employees of Defendant persisted.

32.   Specifically, on or about March 2, 2021, Aswaldo physically assaulted another employee named Annabelly by punching her leg.

33.   Cassandre was standing next to Annabelly Aswaldo punched Annabelly.

34.   Annabelly thereafter "swatted" Aswaldo's hand away from their personal space and leg.

35.   In response to the "swat" by Annabelly, Aswaldo proclaimed, "[o]h, you just gave me breast cancer".

36.   Aswaldo knew that Cassandre's mother and grandmother had died of cancer.

37.   Aslwado also referred to "breast cancer" as a means of implying that touching a Black or Haitian woman would inevitably cause him injury by virtue of their national origin or color.

38.   Aswaldo's comment regarding "breast cancer" was made to discriminate against Cassandre on the basis of her race and national origin.

39.   On March 2, 2021, Cassandre reported Aswaldo's discriminatory conduct against black and Haitian employees to Anthony Mazzermian ("Mazzermian"), Manager, for Defendant.

40.   Although Defendant eventually terminated Aswaldo's employment, this action did little to address the hostile work environment that Cassandre faced.

41.   Cassandre's co-workers took the side of Aswaldo and circulated a petition to ask for him

to return to work.

42. While this was ongoing, Cassandre's co-workers also harassed her, calling her a "Black bitch" and saying that she "should be gone." As a result of her complaint about Aswaldo, Cassandre was also bombarded with remarks that she was stupid and disgusting.

43. Cassandre complained to Mazzermian about the discriminatory and retaliatory behavior she was forced to endure but Mazzermian did nothing, telling Cassandre that he did "come to make friends."

44. The harassment Cassandre faced became so unbearable that she was forced to go out on leave on April 14, 2021 due to her mental health.

45. Cassandre eventually returned to work for Defendant on November 1, 2021 to find that the work environment had not changed.

46. Again, Cassandre complained to Mazzermian and again Mazzermian did nothing, even though Cassandre expressed the significant detrimental effect the work environment was having on her mental health.

47. Due to Defendant's failure to correct or in any way address Cassandre's work environment, her co-workers continued on as they had, repeatedly commenting, in Cassandre's presence, "Why is she here?" and "Why isn't she fired?" while at the same time ostracizing her on account of her earlier complaint against Aswaldo.

48. By February 2022, Cassandre's mental health once again deteriorated to such a point that she was forced to take another leave because of the unrelenting harassment at work.

49. On or around February 22, 2022, Cassandre returned to work. Seeing as Defendant's management was not going to take any action, Cassandre asked Mazzermian for a transfer.

50. Mazzermian denied her request for a transfer and told Cassandre that he could not help her. Instead, he told her to "just walk around and don't think about what they are saying."

51. On April 8, 2022, Plaintiff wore a shirt bearing the words "Black Girl Magic," which was permitted under Defendant's "Own Your Style" dress code. Despite receiving express approval from the Store Manager, Mazzermian informed Plaintiff that Defendant, demonstrating its discriminatory bias, would not permit her to wear those words.

52. As a result of Defendant's actions, Cassandre was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

53. As a result of the acts and conduct complained of herein, Cassandre has suffered a loss of income, the loss of a salary/pay, special damages, loss of employment, loss of employment opportunities, loss to benefits and other compensation which such employment entails, and Cassandre has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

54. As a result of the acts and conduct complained of herein, Cassandre has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Cassandre has further experienced severe emotional and physical distress.

55. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Cassandre demands Punitive Damages as against Defendant.

**FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION IN VIOLATION OF SECTION 1981**

56. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. 42 U.S.C. § 1981 states in relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce

contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

58. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981, by discriminating against Plaintiff because of her race (Black).

59. Plaintiff was subjected to negative disparate treatment, discrimination, humiliation, embarrassment and adverse employment actions due to her race.

## SECOND CAUSE OF ACTION
## FOR RETALITION IN VIOLATION OF SECTION 1981

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. By the acts and practices described above, Defendants retaliated against Plaintiff for his opposition to unlawful discrimination under 42 U.S.C. §1981.

62. Defendants engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff because of Plaintiff's opposition to unlawful employment practices.

63. Following Plaintiff's complaints, Plaintiff was subjected to an increasingly worse hostile environment permeated with discriminatory ridicule, harassment, unwarranted comments, insults, adverse employment actions, and other retaliatory behavior.

64. As a direct result of the acts and conduct complained of herein, Plaintiff has suffered inconvenience, special damages, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, humiliation, anger, depression, sadness, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

65. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

66. Plaintiff is entitled to the maximum amount allowed under this statute/law.

## THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NYSHRL

67. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

69. As described herein, Defendant discriminated against Plaintiff on the basis of her race and national origin in violation of NYSHRL, by subjecting her to disparate treatment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment.

70. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

71. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary

8

damages and other relief.

72.     Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton

violations of the NYSHRL, for which Plaintiff is entitled to the maximum allowable

damages under this statute and an award of punitive damages.

## FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NYSHRL

73.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if more fully set forth herein at length.

74.     Executive Law § 296 provides that:

> It shall be an unlawful discriminatory practice for any person
> engaged in any activity to which this section applies to retaliate or
> discriminate against any person because he or she has filed a
> complaint, testified, or assisted in any proceeding under this article.

75.     As described herein, Plaintiff engaged in protected activities, including but not limited to,

voicing, making internal complaints regarding discrimination.

76.     As described herein, after Plaintiff engaged in activities protected by the NYSHRL,

Defendant took adverse employment actions against Plaintiff that would dissuade a

reasonable employee from making or supporting a similar complaint of discrimination.

77.     As a result of Defendant's retaliatory conduct in violation of the NYSHRL, Plaintiff has

suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional

distress, including, but not limited to depression, humiliation, embarrassment, stress and

anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for

which she is entitled to an award of monetary damages, as well as past and future lost

wages and benefits and other compensatory damages, and other relief.

78.     Defendant's unlawful retaliatory actions constitute malicious, willful, and wanton

violations of the NYSHRL, for which Plaintiff is entitled to the maximum allowable

damages under this statute and an award of punitive damages.

### FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NYCHRL

79.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if more fully set forth herein at length.

80.    New York City Administrative Code §8-107(1) provides that it shall be an unlawful

discriminatory practice:

> For an employer or an employee or agent thereof,
> because of the actual or perceived age, race, creed,
> color, national origin, gender, disability, marital status,
> sexual orientation or alienage or citizenship status of
> any person, to refuse to hire or employ or to bar or
> to discharge from employment such person or to
> discriminate against such person in compensation
> or in terms, conditions or privileges of employment.

81.    Defendant engaged in an unlawful discriminatory practice in violation of the New York

City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory

working conditions, a hostile work environment and otherwise discriminating against

Plaintiff because of her race and national origin.

82.    As a result of Defendant's unlawful discriminatory conduct in violation of NYCHRL,

Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional

distress, including, but not limited to, depression, humiliation, embarrassment, stress and

anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary

damages and other relief.

83.    Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton

violations of the NYCHRL, for which Plaintiff is entitled to the maximum allowable

damages under this statute and an award of punitive damages.

## SIXTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NYCHRL

84.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85.    The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter…"

86.    Defendant engaged in an unlawful discriminatory set of practices in violation of the NYCHRL by discriminating and retaliating against Plaintiff for her opposition to the unlawful employment practices of the Defendant and making internal complaints regarding discrimination and retaliation against her.

87.    Defendant's unlawful retaliatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## JURY DEMAND

88.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

A.    Declaring that Defendant engaged in unlawful employment practices prohibited by Section 1981, the NYSHRL and the NYCHRL in that Defendant discriminated against Plaintiff on the basis of her race and national origin and retaliated against Plaintiff on account of her internal complaints of discrimination and retaliation;

B.    Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's

unlawful discrimination and retaliation, and to otherwise make her whole for any losses

suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury,

distress, pain and suffering and injuries to her reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the

prosecution of the action;

F.      Awarding pre-judgment and post-judgment interest, as provided by law; and

G.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendant's unlawful employment practices.

Dated:  Garden City, New York
        August 30, 2022

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**


                                        _____/s/_____
                                        Marjorie Mesidor
                                        585 Stewart Avenue, Suite 430
                                        Garden City, New York 11530
                                        T: (212) 248-7431
                                        F: (212) 901-2107
                                        mmesidor@tpglaws.com