UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASSANDRE CADET,<br><br>                        *Plaintiff,*<br>v.<br><br>MACY'S, INC.,<br><br>                        *Defendant.* | Civil Action No. 1:22-cv-07406 |

STIPULATION OF CONFIDENTIALITY

The parties have agreed to the entry of a Stipulation of Confidentiality limiting the dissemination of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS hereby STIPULATED that:

1.     This Stipulation of Confidentiality is being entered into to facilitate the production, exchange, and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2.     Either party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3.     As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, sensitive personal information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business, the privacy of that party or the privacy of the opposing party.

(b) "Producing party" shall mean the parties to this action and any third-parties producing Confidential Information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving party" shall mean the party to this action and/or any non-party receiving Confidential Information in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, the Receiving party may move before the court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall not be disclosed and shall be held in confidence unless and until the court makes a determination as to whether any such document, item or material should be Confidential.

5. Except with the prior written consent of the Producing party or by Order of the

court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) Plaintiff;

(b) employees of Defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein, and/or other employees with a need to know that Defendant deems necessary to the defense of the action and who have been advised of their obligations hereunder (this restriction applies only to information produced by Plaintiff to Defendant – Defendant is not limited in its use of its own documents and materials produced in this matter).

(c) counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(d) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(e) the court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if

furnished, shown or disclosed in accordance with paragraphs 9 and 10 hereof;

(g) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

(h) any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this action (and/or any appeal) and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

9. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as Confidential Information under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

10. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall not be disclosed, subject to the process outlined in paragraph 4 above and/or pending a determination regarding its designation.

11. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

12. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 10 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" following the discovery that the document or information has been produced without such designation. However, if the receiving party discloses the Confidential Information before it is properly designated, that shall not be deemed to be a violation of this agreement.

13. Extracts and summaries of Confidential Information shall also be treated as

confidential in accordance with the provisions of this Stipulation.

14. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

15. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the court (and/or to an appellate court) or to challenge any designation of confidentiality as inappropriate under applicable law. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. Within sixty (60) days after the final termination of this action by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, upon request such party shall certify in writing that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would

violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

18. This Stipulation may be changed by further order of this court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: 12/12/22

By: _____
**PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC**
Marjorie Mesidor
Joseph Myers
585 Stewart Avenue, Suite 410
Garden City, New York 11530
(212) 248-7431
*Attorneys for Plaintiff*

Dated: 12/13/22

By: */s/Don M. Tellock*
**DMT & ASSOCIATTES PLLC**
Don M. Tellock
Jaamal L. Braithwaite
21 West End Ave., Ste. 2610
New York, New York 10023

**Macy's Law Department**
Betty Thorne Tierney
11477 Olde Cabin Rd., Suite 400
Creve Coeur, MO 63141
*Attorneys for Defendant*

SO ORDERED.

Dated: 12/14/2022

_____
Vernon S. Broderick
United States District Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASSANDRE CADET,<br><br>           *Plaintiff,*<br>v.<br><br>MACY'S, INC.,<br><br>           *Defendant.* | Civil Action No. 1:22-cv-07406 |

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____

4. I have received a copy of the Stipulation of Confidentiality entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation of Confidentiality, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation of Confidentiality in this action.

Dated: _____     By: _____